# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

---

David E. Patton
*Executive Director and*
*Attorney-in-Chief*

*Eastern District*
Peter Kirchheimer
*Attorney-in-Charge*

January 22, 2014

**VIA ECF & HAND DELIVERY**
Honorable Carol B. Amon
United States Chief Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE: **U.S.A. v. Jose Barrientos-Perez, 11-CR-00199 (CBA)**

Dear Judge Amon:

  I write to respond to what I infer is the government's claim of several million dollars restitution as to Barrientos for JD1 pursuant to his guilty plea to Count III of the above indictment. In the government's November 26, 2013 letter the government argues that the 18 USC § 1593 gross income calculation method applies to restitution and that therefore their affidavits of loss are a correct basis for calculating restitution. The government does not distinguish between defendants. I assume that they mean that the JD1 multimillion dollar restitution applies to Barrientos as well as Lopez-Perez.

  Barrientos owes no restitution to JD1 because he caused no part of her loss. Barrientos pled guilty to Count III, sex trafficking of JD1. He actually allocuted to "harboring" her, knowing that she would be used for underage prostitution. I believe that Lopez-Perez re-plead to the same count several weeks ago to forcing JD1 to engage in underage prostitution. Barrientos allocuted to obtaining an apartment for Lopez to use for JD1 when they arrived. Barrientos had no causal relationship to the forced prostitution which caused the loss. Therefore Barrientos is not liable for 18 USC § 1593 restitution as to JD1.

  The government appears to agree with Barrientos' lesser role as to the trafficking of JD1. In their November 6, 2013 sentence letter, responding to probation's guidelines' estimates, the government agreed that JD1 says that Barrientos was not involved in force, threats of force or abduction of her. Although it might have been foreseeable, they can't prove it. The Court adopted the parties guidelines arguments. During the November 21, 2013 guidelines arguments the Court explicitly asked the government what justified Barrientos' lower guidelines and what his conduct was vis-a-vis JD1. The government responded that he did not use violence, that he resided together with JD1 for a couple of months and that he arranged appointments during that several months. (11/21/13 Transcript, pp. 55-60) Defendant denies any appointment arrangements and allocuted only to harboring, i.e. the residing together for two to three months.

18 USC § 1593 provides for mandatory restitution for defendants to pay victims under the sex trafficking chapter. The statute provides a gross income or value to defendant measure of the victim's loss. However, implicitly, and as set forth in the caselaw, the defendant who must provide that gross income restitution must be the proximate cause of the loss. Here, Lopez-Perez who sex trafficked JD1 gained the gross income and "caused" the loss. Barrientos who harbored JD1, was not the proximate cause of the loss and owes no restitution.

Generally restitution is subject to proximate cause limitations. Explicitly in the Second Circuit restitution in only authorized "...for losses...directly caused by the conduct composing the offense of conviction..." U.S. v. Marino, 645 F3d 310, 319-20 (2nd Cir. 2011) "At a minimum, then, the district court could only order restitution for losses that Silkowski either expressly agreed to or directly caused by conduct composing the offense of conviction." U.S. v. Silkowski, 32 F3d 682, 289 (2nd Cir. 1994).

The proximate cause limitation on restitution extends beyond 18 USC § 3663, the MVRA, to the specific sex trafficking restitution of § 1593. In In re SEALED CASE, 702 F3d 59 (D.C. Circ. 2012) the D.C. Circuit addressed the causal requirement in 1593 restitution: "The losses set forth in the second component of the definition – the "full amount of the victim's losses" – must be proximately caused by the defendant's conduct." Sealed case relied upon an earlier D.C. Circuit case, U.S. v. Monzel, 641 F3d 528 (D.C. Cir. 2011) to the same effect.

Barrientos provided a place to stay for Lopez-Perez and JD1 when they first came to New York. He harbored her. He was not a proximate cause of her forced prostitution. Restitution is inappropriate.

Respectfully,

PETER KIRCHHEIMER
Attorney-in-Charge
(718) 330-1206

PK/bp

cc:    Robert M. Radick (ECF)
       Florian Miedel (ECF)
       AUSA Taryn A. Merkl (ECF)